**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RALPH HENDERSON #28172-180** | § | |
| | § | |
| **V.** | § | **A-07-CA-135-SS** |
| | § | |
| **UNICOR FACTORY, DARRY YARBROUGH, and JEFF HORNSBY**[1] | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's civil rights complaint (Document No.1 ); Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Document No. 17); Plaintiff's response thereto (Document No. 21); and Defendants' reply (Document No. 22). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I. BACKGROUND

At the time he filed his civil rights complaint, Plaintiff was an inmate incarcerated in FCI Bastrop. Plaintiff brings this lawsuit pursuant to Bivens v. Six Unknown Agents of the Bureau of Narcotics and Dangerous Drugs, 403 U.S. 388, 91 S. Ct. 1999 (1971). According to Plaintiff, on

---

[1]According to Defendants the spelling of this defendant's name is Ormsby. Because Hornsby is identified in the parties' motions and responses, the Court will also refer to this defendant as Hornsby.

November 3, 2006, he received a "310 shot" for an unexcused absence from his job at the UNICOR factory at FCI Bastrop. Plaintiff alleges on November 6, 2006, he explained to his supervisor, Darryl Yarbrough, the reason for his absence was due to stress and depression. As a result of the "310 shot,"[2] Plaintiff's job was taken. Plaintiff contends Jeff Hornsby, head of the employees' union, told Yarbrough to take Plaintiff's job. Plaintiff complains other non-black inmates, who received a "310 shot," had only their grade reduced. Plaintiff believes he received a harsher punishment because he is black. Plaintiff sues the UNICOR Factory, Darryl Yarbrough and Jeff Hornsby. Plaintiff seeks the return of his job, back pay and $5,000,000.00 in pain and suffering.

Defendants move to dismiss Plaintiff's claims, arguing he failed to exhaust his administrative remedies. According to Defendants, Plaintiff failed to file a BP-11, appealing the regional director's response to Plaintiff's BP-10. Defendants also argue Plaintiff's action is barred because his disciplinary removal was not overturned. They further argue Plaintiff's request for damages for emotional distress is not permitted, because Plaintiff did not suffer any physical injury. Finally, Defendants assert UNICOR is entitled to sovereign immunity.

## II. ANALYSIS

### A. Sovereign Immunity

Plaintiff's suit for alleged constitutional violations against UNICOR is barred by the doctrine of sovereign immunity. Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 71-72, 122 S. Ct. 515, (2001); FDIC v. Meyer, 510 U.S. 471, 486, 114 S. Ct. 996 (1994) (finding there is no direct cause of action for damages against a federal agency because of sovereign immunity); Webber v. Bureau

[2]Plaintiff does not define what he means by a "310 shot," but it appears from the complain that he is referring to a disciplinary action of some kind.

of Prisons, No. 1:03-CV-193-C, 2005 WL 230151, *3 (N.D. Tex. Feb. 1, 2005) (dismissing claims against UNICOR based on sovereign immunity).

B. Edwards v. Balisok

In addition, because Plaintiff's claim that he was denied equal protection during the disciplinary proceedings calls into question the validity of the punishment Plaintiff received, his claim is not cognizable in a Bivens case. Edwards v. Balisok, 520 U.S. 641, 648, 117 S. Ct. 1584 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364 (1994).

C. Emotional Distress Damages

Plaintiff also is not eligible for emotional distress damages. Under the Prison Litigation Reform Act ("PLRA"), prisoners filing suit must demonstrate a physical injury to sustain a claim for damages. 42 U.S.C. § 1997e(e); Harper v. Showers, 174 F.3d 716, 719 n. 5 (5th Cir. 1999). Plaintiff makes no allegation of a physical injury.

D. Exhaustion of Administrative Remedies

Finally, Plaintiff has not exhausted his administrative remedies. The PLRA provides "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Days v. Johnson, 322F.3d 863, 866 (5th Cir. 2003); Underwood v. Wilson, 151 F.3d 292, 293 (5th Cir. 1998). Exhaustion is now mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 739, 741 n. 6, 121 S. Ct. 1819 (2001). Additionally, "[u]nder the present version of § 1997e, the district court is no longer required to determine whether a prisoner ... has reasonably and in good-faith pursued his administrative remedies." Underwood, 151 F.3d at 294.

Since the amendment of § 1997e, the Fifth Circuit has taken a strict approach to the exhaustion requirement. See Richardson v. Spurlock, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal of inmate's § 1983 claim for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (stating "[n]othing in the [PLRA] ... prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems") (footnote omitted). On the other hand, the Fifth Circuit has also stated the exhaustion requirement "may be subject to certain defenses such as waiver, estoppel, or equitable tolling." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998).

The Supreme Court has made clear "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative sources." Booth, 532 U.S. at 741, 121 S. Ct. at 1825, n.6. Additionally, the Supreme Court has held the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002).

The Federal Bureau of Prisons, which administers the prison in which Plaintiff is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff by filing a BP-8 form. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden using a BP-9 form. 28 C.F.R. § 542.13(b). If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still

unsatisfied, the prisoner may appeal to the Office of General Counsel using form BP-11. 28 C.F.R. § 542.15.

Plaintiff admits he did not file a BP-11 form. He claims he was confused, because the forms for filing a civil rights complaint made reference to a two-step grievance process. However, the two-step grievance process is for inmates confined in the Texas Department of Criminal Justice. As explained above, the Bureau of Prisons has a different grievance process. Accordingly, Plaintiff did not fully comply with the prison grievance process for federal prisoners.

## III. RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct.

466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of May, 2007.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE